UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> SERHAT GUMRUKCU, <br> Defendant. | Case No. 5:22-cr-00058 |

## GOVERNMENT'S MOTION TO EXCLUDE THE TESTIMONY OF THE DEFENDANT'S EXPERT WITNESS

The United States respectfully submits this motion to exclude the testimony of the Defendant's expert witness. For the reasons set forth below, the Court should grant the Government's motion.

### INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

Defendant Serhat Gumrukcu's trial is set to begin on September 23, 2024. On July 1, 2024, the Defendant provided a letter to the Government. The letter stated the following:

> We write to provide notice of potential expert testimony. At this point we do not expect to call any experts in our case-in-chief. That may change depending on new evidence disclosed (including material disclosed under 18 U.S.C. § 3500), your case-in-chief, and the answers your witnesses provide in cross-examination. One potential expert is Dean Boyer of Metadata Forensics. Any testimony he provides will be in response to your experts; thus a summary of his testimony is not known at this time. Attached is his CV and list of cases in which he has testified.

Included with the letter were Mr. Boyer's resume and a list of cases during which Mr. Boyer previously offered expert testimony.[1] Based on those materials, Mr. Boyer appears to work in the field of digital forensics.

### LEGAL STANDARD

"An expert may be permitted to testify if he or she 'is qualified, reliable, and helpful.'" *United States v. Kaufman*, No. 19 Cr. 504 (LAK), 2021 WL 4084523, at *18 (S.D.N.Y. Sept. 8,

---

[1] The list, however, did not include the location of the Courts where the testimony took place.

2021) (citing *United States v. Gatto*, 986 F.3d 104, 117 (2d Cir. 2021), and Fed. R. Evid. 702). Federal Rule of Criminal Procedure 16(b)(1)(C) was recently amended to require the defendant, for each expert witness, to provide "a complete statement of all opinions that the defendant will elicit from the witness," along with "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii). While this "does not require a verbatim recitation of the testimony the expert will give at trial," it requires more than the "written summary" previously required under the Rules. Fed. R. Crim. P. 16 Adv. Comm. Notes, 2022 Amendment. Even before Rule 16(b)(1)(C) was amended in 2022, the advisory notes to the Rule recognized that the purpose of this requirement is "to provide the opponent with a fair opportunity to test the merits of the expert's testimony through focused cross-examination" and "to permit more complete pretrial preparation," Rule 16 Adv. Comm. Notes, 1993 Amendment, and this Court observed that "[m]erely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *Kaufman*, 2021 WL 4084523, at *19 (collecting cases); *see also United States v. Valle*, No. 12 Cr. 847 (PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013) (same). "If a defendant fails to provide disclosures in accordance with Rule 16(b)(1)(C), the district court may exclude the expert's testimony at trial." *Kaufman*, 2021 WL 4084523, at *19; *see also United States v. Mahaffy*, No. 05 Cr. 613 (ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) (same).

## ARGUMENT

The Government has provided a detailed notice relating to two experts who may provide testimony relating to computer and/or phone data analysis. Thus, the defense is on notice of the Government's expert testimony in this area. To the extent the defense seeks to provide rebuttal

2

testimony on those issues, it should provide adequate notice within the court deadline. To the extent that they seek to offer other expert testimony, they should provide proper notice pursuant to Rule 16(b)(1)(C) within the deadline set by the Court. From the defense's current notice, they do not appear to anticipate calling an expert for either purpose. Instead, they seek to leave the door open, to offer expert evidence depending on what occurs during trial. This exception could be viewed as one that swallows the rule. Under this theory, any defendant could say that the course of the government expert testimony allowed the defense to call an expert to testify without any notice. Thus, the Court should rule that if the Government experts testify consistent with their noticed information, the defense cannot call their proposed expert.

However, at this point, the defendant's expert notice falls far short of the requirements of Rule 16(b)(1)(C) because the notice does not state the anticipated opinions of the witness or the reasons for those opinions. Rather, the notice merely states that the "testimony will be in response to [Government] experts" which is insufficient under the rule. Given the lack of any detail about what Mr. Boyer's opinions are, and the fact that the defendant has provided no information about how he reached those opinions, the notice of his purportedly expert testimony is plainly insufficient. There is no indication about what analysis Mr. Boyer performed (if any), how those analyses were considered, the inputs to those analyses, nor why those analyses support Mr. Boyer's opinions. The notice even elides identification of documents and materials Mr. Boyer analyzed, making it impossible to test any opinions he might offer. Indeed, the notice does not even identify the Government experts to whom Mr. Boyer's testimony would rebut (the Government infers it relates to two experts who will offer testimony relating to computer and/or phone data analysis). *See Kaufman*, 2021 WL 4084523, at *19; *see also United States v. Bankman-Fried*, No. S6 22-

CR-0673 (LAK), 2023 WL 6162865, at *1 (S.D.N.Y. Sept. 21, 2023) (granting motion to preclude expert testimony, without prejudice, where defendant failed to comply with the notice requirements of Fed. R. Crim. P. 16(b)(1)(C) due to expert notice that merely stated that the testimony "would principally be in the nature of rebuttal testimony, which would necessarily depend on the evidence the Government presents at trial through its own fact and expert witnesses."). Finally, the vague nature of Mr. Boyer's disclosure is further problematic because it is far from clear how the proposed testimony would be relevant to the issues at this trial or helpful to the jury, a second reason it should be precluded.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court should exclude the testimony of Dean Boyer.

Dated at Burlington, in the District of Vermont, on July 30, 2024.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

*Zachary Stendig*
ZACHARY STENDIG
PAUL VAN DE GRAAF
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402
(802) 951-6725