UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 2:22-CR-58 |
| SERHAT GUMRUKCU, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America, by and through its attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, requests the following jury instructions on the Fourth Superseding Indictment.

The government requests that the Court give its customary and usual instructions in the following areas:

1. Role of Indictment;

2. Reasonable Doubt and Presumption of Innocence;

3. Evidence;

4. Evidence Obtained by Search;

5. Government Not Required to Utilize Particular Investigative Methods;

6. Stipulations of Fact;

7. Stricken Testimony, Attorney's Statements, and the Court's Rulings;

8. Statements by the Defendant;

9. Credibility of Witnesses;

10. Expert Witnesses;

11. Law Enforcement Witnesses;

12. Jurors' Experience or Specialized Knowledge;

13. Jurors' Sympathy, Passion, or Prejudice;

14. Defendant [Not] Testifying;

15. Race, Religion, National Origin, Sex, or Age;

16. Bias, Prejudice, and Equality before the Court;

17. Unanimous Verdict Required;

18. Juror Note Taking; and

19. Recollection of Evidence.

The government also submits herewith requested instructions pertaining to the allegations in the Fourth Superseding Indictment and additional matters. The United States requests the opportunity to supplement these requests in light of trial evidence.

Dated at Burlington, in the District of Vermont, February 28, 2025.

Respectfully  Submitted,

UNITED STATES OFAMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

By:    */s/ Paul J. Van de Graaf*
PAUL J. VAN DE GRAAF
ZACHARY B. STENDIG
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725

**REQUEST NO. 1**

## THE INDICTMENT AND THE STATUTE: COUNT TWO

Because of the nature of the charges, I am going to talk about Count Two before Count One. The Fourth Superseding Indictment charges the defendant in Count Two with murder for hire, in violation of Title 18 of the United States Code, Section 1958, as well as aiding and abetting the commission of this offense by another person, in violation of Title 18 United States Code, Section 2.  The Fourth Superseding Indictment reads as follows:

The Grand Jury charges:

Count Two

Between on or about January 1, 2018 and on or about January 6, 2018, in the District of Vermont and elsewhere, the defendant, SERHAT GUMRUKCU and others, caused Jerry Banks to travel in interstate commerce, from Colorado to Vermont, with the intent that the murder of Gregory Davis be committed, in violation of the laws of the State of Vermont, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, and the death of Gregory Davis resulted.

The statute under which Count Two of the Fourth Superseding Indictment is brought, Title 18, United States Code, Section 1958, provides in pertinent part, that:

Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, if death results [is guilty of a crime].

**REQUEST NO. 2**

**THE ESSENTIAL ELEMENTS OF COUNT TWO**

The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty of Count Two:

First, that the defendant caused someone else to travel interstate or used or caused someone to use an interstate facility;

Second, that this travel or use of an interstate facility was done with the intent that a murder be committed in violation of the laws of any State or the United States;

Third, that the murder in question was intended to be committed as consideration for the receipt of anything of value; and

Fourth, that Gregory Davis died as a result of defendant's participation in this offense.

Count Two only charges interstate travel, not use of an interstate facility, but I mention it here because use of interstate facility is charged as an alternative in Count One, the conspiracy charge, which I will discuss below.

(3 Modern Federal Jury Instructions-Criminal ¶ 60.02, Instruction 60-14 (2022))

## REQUEST NO. 3

### AIDING AND ABETTING

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crimes with which he is charged in order for the government to sustain its burden of proof. A person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himself with the crime, the government must establish that as to Count Two, the defendant knew that another person committed the offense of murder for hire.

To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime.

5

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.   If, on the other hand, your answer to anyone of these questions is "no" then the defendant is not an aider and abettor, and you must find him not guilty.

Now that I have explained what it means to aid and abet, I will now instruct you more specifically about each element of the underlying offense.

(*See* Sand, 1 *Modern Federal Jury Instructions*, Instruction 11-1)

6

**REQUEST NO. 4**

## FIRST ELEMENT – INTERSTATE TRAVEL

The first element that the government must prove beyond a reasonable doubt is that on or about the date charged in the indictment the defendant caused Jerry Banks to travel interstate.

Interstate travel is simply travel between one state and any other state.

The interstate travel must have occurred to facilitate or further the commission of the murder. It need not have been the only reason, or even the principal reason, for the interstate travel (or use of an interstate facility) as long as it was one of the reasons for the travel (or use of a facility).

(*See* 3 Modern Federal Jury Instructions-Criminal ¶ 60.02, Instruction 60.03 (2022) (modified))

**REQUEST NO. 5**

**SECOND ELEMENT – INTENT THAT MURDER BE COMMITTED**

The second element that the government must establish beyond a reasonable doubt is that this travel was done with the intent that a murder be committed in violation of the laws of any State or the United States. I instruct you as a matter of law that shooting a person with intent that the person die is murder under Vermont law.

The government must prove that the travel was done with the intent to further or facilitate the commission of the murder.

You are thus being asked to look into the defendant's mind and ask what was the defendant's purpose in causing Jerry Banks to travel interstate. You may determine the defendant's intent from all the evidence that has been placed before you, including the statements of the defendant and his conduct before and after the travel.

(*See* 3 Modern Federal Jury Instructions-Criminal ¶ 60.02, Instruction 60.04 (2022) (modified)

**REQUEST NO. 6**

**THIRD ELEMENT – CONSIDERATION**

The third element that the government must establish beyond a reasonable doubt is that the murder in question was intended to be committed as consideration for the receipt of anything of value.

This requires that the government prove that there was a mutual agreement, understanding or promise that something of value would be exchanged for committing the murder.

"Anything of value" means money, negotiable instruments, or anything else the primary significance of which is economic advantage.

(3 Modern Federal Jury Instructions-Criminal ¶ 60.02, Instruction 60.05 (2022))

**REQUEST NO. 7**

## **FOURTH ELEMENT – DEATH**

The fourth element that the government must prove beyond a reasonable doubt is that Gregory Davis died as a result of defendant's participation in this offense.

In order to establish that the defendant's conduct resulted in the death of Gregory Davis, the government must prove beyond a reasonable doubt that but for the defendant's actions, Gregory Davis would not have died.

(3 Modern Federal Jury Instructions-Criminal ¶ 60.02, Instruction 60.06 (2022)(modified))

10

**REQUEST NO. 8**

### THE INDICTMENT AND THE STATUTE: COUNT ONE

Turning now to Count One, the Fourth Superseding Indictment charges the defendant in

Count One with conspiring to commit murder for hire, in violation of Title 18 of the United

States Code, Section 1958. Under federal law, a conspiracy to commit a crime is a separate

offense from the crime itself. The Fourth Superseding Indictment reads as follows:

The Grand Jury charges:

Count One

Between in or about May 2017 and in or about February 2018, within the District of
Vermont and elsewhere, the defendant, SERHAT GUMRUKCU, knowingly and intentionally
conspired with others including Berk Eratay, Aron Ethridge, and Jerry Banks to cause Jerry
Banks to travel in interstate commerce, and to use facilities of interstate commerce, with the
intent that the murder of Gregory Davis be committed, in violation of the laws of Vermont, as
consideration for the receipt of, and as consideration for a promise and agreement to pay,
something of pecuniary value, and the death of Gregory Davis resulted.

The statute under which Count One of the Fourth Superseding Indictment is brought,

Title 18, United States Code, Section 1958, provides in pertinent part, that:

Whoever [conspires to] . . cause[] another (including the intended victim) to travel in
interstate or foreign commerce, or uses or causes another to use the mail or any facility of
interstate or foreign commerce, with intent that a murder be committed in violation of the laws of
any State or the United States as consideration for the receipt of, or as consideration for a
promise or agreement to pay, anything of pecuniary value . . . if death results [is guilty of a
crime].

11

**REQUEST NO. 9**

## THE ESSENTIAL ELEMENTS OF THE OFFENSE

In order to satisfy its burden of proof, the government must establish each of the following two essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment to commit murder for hire; and

Second, that the defendant knowingly and willfully became a member of the conspiracy.

(*See* 1 Modern Federal Jury Instructions-Criminal ¶ 19.01, Instruction 19.2 (2022))

**REQUEST NO. 10**

## FIRST ELEMENT – EXISTENCE OF AGREEMENT

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

I have already instructed you on the elements of murder for hire with respect to Count Two. The only difference in the elements of murder for hire with regard to Count One, the conspiracy charge, is that Count One alleges both interstate travel and use of an interstate facility. An interstate facility is a vehicle or means of communications that crosses state lines in the course of commerce. For example, using the Internet or making a telephone call or sending an email constitutes the use of a facility of interstate commerce regardless of whether the particular communication that is alleged actually crossed a state line. You need not find that the

government has proven both interstate travel and use of an interstate facility, but you must agree unanimously that the government has proven one, the other, or both beyond a reasonable doubt with respect to Count One.

In a very real sense, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

(*See* 1 Modern Federal Jury Instructions-Criminal ¶ 19.01, Instruction 19.4 (2022)(modified))

**REQUEST NO. 11**

## SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives. The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant

16

must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement— that is to say, a conspirator.

(*See* 1 Modern Federal Jury Instructions-Criminal ¶ 19.01, Instruction 19.6 (2022)(modified))

**REQUEST NO. 12**

## THE INDICTMENT AND THE STATUTE: COUNT THREE

The Fourth Superseding Indictment charges the defendant in Count Three with conspiring to commit wire fraud, in violation of Title 18 of the United States Code, Sections 1349 and 1343. Section 1349 makes it a federal crime to conspire to commit wire fraud, a crime under section 1343. The Fourth Superseding Indictment reads as follows:

[Read Count Three]

Title 18, United States Code, Section 1343, the wire fraud statute, reads in pertinent part:

Whoever, having devised or intending to devise any scheme or artifice to defraud . . . for the purpose of executing such scheme or artifice or attempting so to do, transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

**REQUEST NO. 13**

**ELEMENTS OF THE OFFENSE**

I have already instructed you on the elements of conspiracy. Count Three charges a different conspiracy from the conspiracy charged in Count One, but the elements are the same except that that the two counts allege agreements to commit different crimes. Moreover, the two counts do not allege that the two conspiracies have the exact same members. Now I will instruct you on the elements of wire fraud, the object of the agreement charged in Count Three.

In order to prove wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that the execution of that scheme contemplated the use of interstate or international wires.

(*See* 2 Modern Federal Jury Instructions-Criminal ¶ 44.01, Instruction 44-3 (2022)(modified))

**REQUEST NO. 14**

**FIRST ELEMENT OF WIRE FRAUD – SCHEME OR ARTIFICE TO DEFRAUD**

The first element of wire fraud that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud Gregory Davis, Gregory Gac or both of money or property by means of false or fraudulent pretenses, representations, or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth.

A "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false and fraudulent representations and providing false and fraudulent documents.

A representation or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and

deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation or document must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (e.g., with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

The representations that the government charges were made as part of the scheme to defraud are set forth in paragraphs 5 through 17 of Count Three, which I have already read to you. It is not required that every misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property. Count Three alleges that the scheme contemplated depriving Gregory Davis of money he was entitled to under a written agreement, which under law is property, and depriving Gregory Gac of his personal funds.

The government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss. Although whether or not the scheme actually succeeded is really not the question, you may

21

consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

Count Three alleges a conspiracy to defraud both Gregory Davis and Gregory Gac of different property. You can convict the defendant without finding that the government has proven a scheme to defraud both Davis and Gac, but you must unanimously agree that the government has proven a scheme to defraud one, the other, or both. If you find that the government has sustained its burden of proof that the conspiracy involved a scheme to defraud, as charged, you next should consider the second element.

(*See* 2 Modern Federal Jury Instructions-Criminal ¶ 44.01, Instruction 44-4 (2022) (modified))

**REQUEST NO.15**

## SECOND ELEMENT OF WIRE FRAUD—
## PARTICIPATION IN SCHEME WITH INTENT

The second element that the government must prove beyond a reasonable doubt for wire fraud is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud. Thus, with regard to Count Three, wire fraud conspiracy, the government must prove beyond a reasonable doubt that the defendant participated in the agreement to execute a scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words,

his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not defendant acted in good faith. You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme would (e.g., ultimately make a profit for the investors) will excuse fraudulent actions or false representations by him.)

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a

participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

(*See* 2 Modern Federal Jury Instructions-Criminal ¶ 44.01, Instruction 44-5 (2022) (modified))

**REQUEST NO. 16**

### THIRD ELEMENT OF WIRE FRAUD—USE OF INTERSTATE WIRES

The third element that the government must establish beyond a reasonable doubt is the use of interstate wire communications in furtherance of the scheme to defraud. With respect to the use of the wires, the government need not prove a particular wire to prove wire fraud conspiracy, but rather that the agreement contemplated the use of interstate or international wires.

The wire communication must pass between two or more states as, for example, a telephone call or text between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call or text between New York and London. A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or transfer the funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

(*See* 2 Modern Federal Jury Instructions-Criminal ¶ 44.01, Instruction 44-7 (2022) (modified))

**REQUEST NO. 17**

**CONSCIOUSNESS OF GUILT FROM FALSE EXCULPATORY STATEMENT**

You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

(1 Modern Federal Jury Instructions-Criminal P 6.05, Instruction 6-11 (2022))

**REQUEST NO. 18**

## ROUTINE PRACTICES

There has been evidence introduced that a witness had certain routine practices.  This evidence may be considered by you in determining whether the witness acted in conformity with that routine practice on the occasion in question.  The weight you give to this evidence, if any, is entirely up to you, since you are the sole judges of the facts.

(1 Modern Federal Jury Instructions-Criminal P 5.09, Instruction 5-24 (2022) (modified))