UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SERHAT GUMRUKCU,<br>    Defendant. | Docket No. 22-cr-00058 |

MOTION IN LIMINE FOR ADMISSION OF GOVERNMENT'S EXHIBIT 112A

Via email, the defendant indicates that he objects to the admission of Government's Exhibit 112A (Bates 00007968). This photograph is relevant and admissible, and the probative value of the evidence is not substantially outweighed by undue prejudice. Therefore, the Court should deny the defendant's objection.

Background and Argument

I.    The Court should deny the Defendant's Objection to Use Exhibit 112A.

The defendant claims that Government's Exhibit 112A is "gratuitous posing of decedent" which suggests that he believes it should be excluded under Rule 403 as unfairly prejudicial. A copy of Exhibit 112A (Bates 00007968) was previously provided to the Court and to counsel. Because the image is not unfairly prejudicial and because 112A, like the other crime scene photographs, is relevant and important evidence at trial, the Defendant's motion should be denied.

Pursuant to Federal Rule of Evidence 402, relevant evidence is admissible and irrelevant evidence is not admissible. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Exhibit 112A is one of a series of photographs of the crime scene. The photographs of the crime scene and of the autopsies are relevant for several reasons. Among other things, the

1

photographs will help the factfinder understand the manner of death, where the homicide occurred, the type of weapon used, how the perpetrator attempted or did not attempt to conceal the victim's body, the extent of injuries the victim sustained, the specific damage inflicted to certain parts of the victim's body, and the victim's possession of any relevant evidence at the time his body was found by law enforcement.

The photographs will also aid in the anticipated medical testimony at trial. *See United States v. Oldman*, 979 F.3d 1234, 1250 (10th Cir. 2020) (explaining that district courts can admit graphic photos "that are probative and aid in illustrating the testimony of the pathologist" and "that add relevant detail or support relevant medical testimony"). Each of the facts described above are of consequence to determining the action, and the photographic evidence tends to make these facts more or less probable. To the extent the Defendant will argue at trial that the Government has little physical evidence linking him or his co-conspirators to the crimes, this too makes the photographs of the victim's body highly relevant.

In *United Sates v. Fields*, 483 F.3d 313, 354-55 (5th Cir. 2007), the Fifth Circuit affirmed the district court's decision to admit photographs of a murder victim's body taken at the crime scene and during the autopsy. In assessing the relevance and probative value of the photographs, the court explained that admitting the photographs was necessary to rebut the defense theory that there was little physical evidence linking the defendant to the crime. *Id.* The court reasoned that the crime scene photos, which were graphic and showed the victim's body in a state of decomposition, "helped explain why little physical evidence was found: because it had been carried away by animals or worn away by the elements." *Id.* at 355. The court further explained that, "[i]n this age of the supposed 'CSI effect,' explaining to the jury why the Government had

little in the way of physical or scientific evidence was arguably critical to the Government's case." *Id.*

Here too, because of the weather conditions, the burial of the body in snow, and the discovery of the defendant's body hours after his murder occurred, the Government has little physical evidence linking the co-conspirators to the crimes. However, the photos generally, and the challenged exhibit 112A particularly, show that the victim's phone and wallet were found at the time that the Crime Scene Search Team located the victim's body. The wallet helped law enforcement identify that the victim was in fact Greg Davis by virtue of reviewing his driver's license. Furthermore, the phone is of particular relevance because in the days that followed the discovery of the victim's body, law enforcement reviewed text messages in the phone. Those messages quickly demonstrated to law enforcement that Serhat Gumrukcu, Murat Gumrukcu, and Gregory Gac were persons of interest in law enforcement's investigation into Davis's murder. Therefore, the crime scene photographs including Exhibit 112A are highly relevant so the jury can see the state of the victim's body, so they can understand why physical evidence linking the Defendant and his co-conspirators to the crimes was lacking, and where and how crucial physical evidence to the investigation was located.

Moreover, the photographs are relevant because they can be used to credit or discredit the testimony of a cooperating defendant, specifically Jerry Banks, who will testify about the killing of Davis. For example, if a cooperating defendant testifies that the victim's body was left in a certain manner prior to burial, a review of the photographs can be used to corroborate the testimony or to impeach the witness's credibility. See *Fields*, 483 F.3d at 355 ("The crime scene photos indicated that the body had been dragged to where it was found, thereby corroborating witnesses who testified that Fields told them he had dragged the body."). For these reasons, the crime scene

and autopsy photographs including the challenged exhibit 112A are relevant and should be admitted.

    II.    <u>Any danger of unfair prejudice in admitting the photograph does not substantially outweigh the probative value.</u>

Nor should this evidence be excluded under Rule 403. Evidence is subject to exclusion under Rule 403 only where it is unfairly prejudicial—that is, only where the evidence is of such a character that it suggests decision on an improper basis—and where the unfair prejudice "substantially" outweighs the probative value of the evidence. Fed. R. Evid. 403. Nevertheless, the defendant claims that Government's Exhibit 112A is "gratuitous posing of decedent" which suggests that he believes it should be excluded under Rule 403 as unfairly prejudicial.

The defendant has not cited any legal authority in support of this argument and his challenge should be rejected. As noted above, evidence is subject to exclusion under Rule 403 only where it is unfairly prejudicial and where the unfair prejudice "substantially" outweighs the probative value of the evidence. Fed. R. Evid. 403. With regard to perceived graphic photographs, which exhibit 112A is not, appellate courts have routinely affirmed a district court's decision to admit such photographs as evidence at trial, even in the face of a Rule 403 challenge. *See United States v. Bullis*, 139 F.3d 898, at *8 (4th Cir. 1998) (unpublished) (citing *United States v. Analla*, 975 F.2d 119, 125-26 (4th Cir. 1992) and *United States v. Whitfield*, 715 F.2d 145, 147-48 (4th Cir. 1983), which both involved the introduction of photographs of murder victims and explaining that "[u]nder similar circumstances, we have found the admission of gruesome and shocking photographs not to be unfairly prejudicial"); *see also United States v. Con-ui*, No. 13-CR-123, 2017 WL 783437, at *3 (M.D. Pa. March 1, 2017) ("Generally, appellate courts have been reluctant to overturn determinations by district courts that photographs, even particularly 'gruesome' ones, are not unfairly prejudicial and are, therefore, admissible").

Indeed, "[t]his has been true even if the photographs are probative of a relevant, yet undisputed, fact." *Con-ui*, 2017 WL 783437, at *3. As the Tenth Circuit recently reiterated, "[a]lthough the risk that introducing graphic evidence of brutal murders will give rise to emotional reactions poses a legitimate risk of unfair prejudice, … the vicious, brutal nature of a defendant's conduct is not itself sufficient to justify a complete exclusion of evidence tending to show the defendant engaged in those acts." *Oldman*, 979 F.3d at 1250 (internal citations omitted). To be sure, "[g]ruesomeness alone does not make photographs inadmissible." *United States v. Naranjo*, 710 F.2d 1465, 1458 (10th Cir. 1983); *see also id*. at 1470 (holding the district court had discretion to admit a photo of a victim's bloody body because "it was probative to some extent of what occurred" and the manner of death); *United States v. Sarracino*, 340 F.3d 1148, 1168 (10th Cir. 2003) ("We agree with the trial judge that this photo, although somewhat gruesome, was not unduly so and was admitted for a proper purpose of assisting the government's medical expert in her description of the injuries the victim had sustained."). The crime scene photographs provide relevant and highly probative evidence at trial. As noted above, Exhibit 112A will help the jury understand the manner of death, where the homicide occurred, the types of weapon used, how the perpetrator left the victim's body, the extent of injuries the victim sustained, the specific damage inflicted to certain parts of the victim's body, and the victim's possession of relevant evidence at the time his body was found by law enforcement. The photographs, including Exhibit 112A, will also help explain why there was little physical evidence linking these crimes to the Defendant and will be useful to aid the anticipated medical testimony in this case. Finally, the photographs are relevant to either corroborate or impeach the Government's cooperating witnesses.

Certainly, some of the crime scene photographs (not 112A) will be graphic and potentially damaging to the defense. But that does not equate to unfair prejudice under Rule 403. *Bullis*, 139

F.3d at *8 ("Perhaps [the defendant]'s defense was damaged when the jury saw the photographs. That alone, however, is not a basis for excluding probative evidence. Indeed, evidence that is highly probative invariably will be prejudicial to the defense." (internal citation and quotation marks omitted)). To be clear, the Government has no intention of gratuitously displaying any photographs to the jury during trial. Rather, the Government will carefully select only those photographs that are relevant and probative of the issues at trial. Exhibit 112A is one of the relevant and probative images. Accordingly, the Court should deny the defendant's motion to preclude the Government's use of Exhibit 112A specifically and crime scene photographs generally.

## Conclusion

For the reasons set forth above, the Court overrule the defendant's objection to Government's Exhibit 112A.

Dated at Burlington, in the District of Vermont, this 17th day of March, 2025.

Respectfully submitted,

MICHAEL P. DRESCHER
Acting United States Attorney

By: /s/ Eugenia Cowles for PJV/ZBS

PAUL J. VAN DE GRAAF
ZACHARY STENDIG
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725